IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Michael Rhine Hafer,<br><br>PLAINTIFF<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>DEFENDANT | C/A No. 5:12-cv-01058-TLW<br><br><br>**Order** |

On September 10, 2013, the Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on the basis that the position taken by the Defendant was not substantially justified. (Doc. #41.) The motion seeks reimbursement for counsel's representation in this case in the amount of $8,601.68 for fees (47.40 hours at $181.67 per hour). The Plaintiff's motion further sought that the fees be paid directly to his attorney rather than to the Plaintiff. On September 27, 2013, the Defendant filed a response opposing the Plaintiff's motion for attorney's fees and asserting that if the Court grants the Plaintiff's motion, the payment should be made directly to the Plaintiff, rather than to his attorney. (Doc. #43.) On October 7, 2013, the Plaintiff filed a reply in which he reasserted his argument that he is entitled to attorney's fees, but he did not address the Defendant's argument that an award of fees should be paid directly to him, rather than to his attorney.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "The award is mandatory *unless* the government can demonstrate that its

position was substantially justified." *EEOC v. Clay Printing Co.*, 13 F.3d 813, 814 (4th Cir. 1994) (emphasis in original). The question is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1984). This standard is met if there is a "genuine dispute." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

An award of fees or costs under the EAJA must be paid to the party rather than to the attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). This is not contested by the Plaintiff.

After careful consideration of the briefs filed by the parties, the Court concludes that the Government's position was not substantially justified and that fees are therefore awarded. However, the fees are to be made payable to the Plaintiff rather than to the Plaintiff's attorney.

Based on the foregoing, and after considering the briefs and materials submitted by the parties, it is **ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED** in part and **DENIED** in part. To the extent the motion seeks an award of attorney's fees, the motion is **GRANTED** in the amount of $8,601.68. To the extent the motion seeks that fees be paid directly to the Plaintiff's attorney, the motion is **DENIED**, the Defendant's objections are **SUSTAINED**, and it is **ORDERED** that the fee award be made payable to the Plaintiff.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 25, 2013
Columbia, South Carolina